Thank you. With the court's permission, I would ask to argue from podium. I am still suffering some effects from an episode of vertigo last night, so I may need to lean a little bit more than I would normally. Well, I think you're supposed to argue from the council table, right? Thank you, and I appreciate that. I will reserve two minutes for rebuttal if needed. The court has certainly reviewed the briefs, and Mr. Perry's situation has been seen recently, if you will, in this very court. Not an uncommon situation factually, as far as the factual background goes, where he had criminal history that was considered at the time of his sentencing, a conviction in this court, in the district court below, of drug felony convictions, various substances, but all of them that same type of conviction. And his criminal history in Chapter 2, if you will, resulted in a certain guideline, a several years' range. Nevertheless, he was placed in Chapter 4, criminal history, career offender. And as the court is certainly aware from our filing and review of the record, at the time of his sentencing, there was no objection by the defendant to that categorization. There were requests for a lower sentence based upon other factors, 3553 factors largely, which the court clearly took into consideration and did, in fact, sentence him somewhat differently than the court could have. And also the issue of concurrency was considered, because we see that this sentence was ordered to run concurrent, which again was a decision the court made after considering those factors. But nevertheless, the issue today, we would state, as the court's aware, whether a prior conviction counts, how it counts, under the guidelines, we would offer as a question of law for de novo review. But nevertheless, we stand here today, I think, subject to a plain error review. There was, again, there was no objection made in the court below. So the error has to be clear and obvious, and what precedentially binding opinion do you rely, from our court, the Sixth Circuit, to establish that the error here was clear and obvious? Well, Your Honor, the case that, and it is not precedential and binding. No, my question was, what precedential decision do you rely on? Is the answer none? The answer, I think, is none. Okay, don't you need a precedentially binding decision from our court to establish clear and obvious error? I don't believe so, Your Honor. I would argue, in fact, that this court, as the court in, and there are multiple Williams cases, but the case of Tony Williams, most recently the opinion from December of 2020, indicating, and there was a separate issue there as far as the issue of the guidelines, the version that was used, but the court there found there was error in that application, but that it was not plain. I would offer that. I mean, the holding of Williams, which is an unpublished opinion, which is basically the same facts as this case, is that there was no plain error. I mean, so I don't know how even that unpublished opinion supports you when the holding is, under these facts, there's no plain error. And I would, I concur, Your Honor, that clearly is the holding of Williams. There's no dispute on that, and I would offer respectfully, I think, that that premise, that holding was incorrect. Incorrect? Yes, sir. Okay. As to the nature of the error. I think that the error, and obviously it's our position, that I believe the error was to get to that finding, or that basis. Was there an error? Is it clear or obvious, is the law unsettled, is it not? And I would refer to the Henderson case in relation to that, where the court found it applies at the time of review, as we stand here today, and there will continue to be, I think as we all can concur. There will continue to be, maybe, seed changes in relation to the federal schedules, the narcotics schedules. We see, most recently, as referenced in these cases, in the Williams case, and the issue in our case as well, with hemp being spliced out, if you will, or declassified, making a change federally, and then Tennessee followed suit a few months later. Other states are taking different actions in relation to their state statutes. But I would offer that, as the Henderson case indicates, if the error is plain at the time of appellate review, and again, I'm familiar with Williams, and we all refer to it in our filings herein, I would simply respectfully offer that that finding was incorrect. That I believe the error here, there was an error in using the definition at the time, instead of, that there is a mismatch, if you will, between the definition at the time of his priors, both federal and state, as it turned out, compared to the definition at the time of his sentencing, the schedules, the listing. Well, Ms. Mothers, it seems to me that the strongest point you would have to make is our use, and the Supreme Court's use, of the categorical approach in various contexts. But I want to ask you something else about why it makes sense in this particular case. We know that the pre-sentence report tells us that in one of Mr. Perry's prior convictions, he was found with 20 blocks of marijuana. I can't remember what the total was in pounds, but it was clearly not an insignificant amount. And there was no objection to that fact at sentencing. So we know that there is zero possibility that Mr. Perry's, at least one of Mr. Perry's prior convictions, did in fact involve marijuana, and Hemp had nothing to do with it. I don't know if that justifies our taking a different approach, but it is a little factor in this case that isn't always present. What do you say about that? It is an undisputed fact, but again, I would offer that that fact comes from police report, and I'm looking at paragraph 34 of his. Well, if you don't object to it, then it becomes the... Yes, Your Honor. And again, there were no, and I did not handle his case, Mr. Perry handled it, but having read the filings, Your Honor's absolutely correct. There were no objections factually or legally to the statements, hate to use the term facts because that takes on a separate legal meaning, in the pre-sentence report. But nevertheless, that fact in and of itself in paragraph 34 of the report comes from the The state statute, that's the Shelby County case, the state conviction would simply state possession with intent to distribute more than a half ounce of marijuana would be a standard way you would see that. The fact Your Honor refers to that makes it clear that it was in fact bundles or blocks of marijuana and wasn't Hemp. Does that fact make any difference in the plain error analysis? I don't believe that it does, Your Honor. And again, I would offer that the statute, if we look at a categorical approach to the statute, the statute itself at that time included Hemp, regardless of what the facts, and in all my decades of practice, I've never seen a case actually involving Hemp. It may exist, but that's not what... I think that's one of the reasons that when you stretch the application of the categorical approach to this particular case, it makes me wonder why we've been using the categorical approach all the time. But... It is, and I understand, and it becomes especially problematic, maybe more so than some other crimes or offenses, in the narcotics offenses where there are schedules, either in state or in federal statute as well, where there's a multitude of substances listed that most of us have never heard of and may not even know what they are without further research. But it's... We still maintain, and I still maintain, and obviously it's a plain error review. I think there was an error, and does it affect... And a critical part, we can't have one without the other. Does it affect his substantial right? Certainly. I can't fathom a finding or a posture that would be legitimate to say this difference, this discrepancy, if you will. And I don't mean an error in calculations. The Chapter 4 calculations were correct numerically. But the discrepancy or the wild variation and the much greater severity of that Chapter 4 penalty, which isn't always the case. I've seen many cases where factually Chapter 2 drove the situation and the numbers were higher than the career offender. But in this case, it is not true. Does that affect and does that affect substantial rights? I would say absolutely. I think the aspect of Rule 52 that the court legitimately is more concerned with is, is error clear or obvious? Is it unsettled or settled at the time of his sentencing? Well, at the time of his sentencing, it appears that the Williams case had already come before this court but not been decided, not been briefed, and certainly not ruled upon. And, as a practitioner, I would state it's almost reached the point on a day-to-day review where any Chapter 4 enhancement or guideline enhancement, it may be there are cases here that we have referenced where it simply affects a base offense level and a firearm charge, that the law with changing federal schedules, changing state schedules, but federal as well, specifically in relation to marijuana, makes almost every one of those events an unsettled posture. How would you respond, and briefly because your time is getting short, how would you respond to Judge Cook's dissent in Williams? Sorry, Your Honor, let me turn and I have read the case I'm just reviewing. I would say, well, Your Honor, I think, I think that, I'm sorry, I have the wrong, I'm sorry, Your Honor, I have the wrong case in front of me. Your Honor, I'm sorry, I can't specifically respond to your question with apologies. I'm looking at the wrong case that I have in front of me. Do you recall Judge Cook's concurring opinion in Williams? It's right, it was a concurring opinion. That's what I'm, I was looking for a dissent, Your Honor, I'm sorry. No, it's concurring because she concurs that there was no point error in Williams, but she addresses the merits and she would have gone the other way on the merits. So, I guess the question is, well, I think you answered the question. You just said that this issue was unsettled and because it's unsettled, by definition, it's not plain, right? No, sir, I don't, that's not, that's not what I intended. You just made a statement that this area of the law is unsettled and by definition it can't be plain if it's unsettled. But I think even if it is unsettled, even if it, at the time of sentencing. Even if it's unsettled, it can be plain error? I would state that the Henderson case indicates even if, at the time of review, at the time of review, which is now, that it is not, I would offer it is not unsettled as to this specific issue, the variant. We still don't have a precedentially binding decision on the issue, do we? That's true, Your Honor. Okay, so it's unsettled now, isn't it? I would say in light of, if the definition is unsettled, meaning there's no reported decision from this circuit, I would, that I would certainly concur. I think that's what our standard is, but, okay. But I would offer that. Binding decision, by the way. Yes, sir. Okay. But I would offer again, and my time is run, if I might just, that this case, the Perry case, offers the court the opportunity to create, to issue such a binding decision in, as Mr. Perry has requested, finding that this is, in fact, plain error and remanding it for further proceedings for resentencing in that case. All right, thank you. We'll have your rebuttal time. All right, Mr. Ritz. May it please the court, Kevin Ritz for the United States. The district court properly calculated Mr. Perry's guideline range below to argue that binding precedent actually holds that his prior marijuana felonies are controlled substance offenses. All right, I tend to disagree with you on the merits, but I don't think, I mean, that the case doesn't rise and fall on the merits. I think it rises and falls on plain error. But, I mean, you can argue the merits all you want. I mean, I think it's a losing argument, though. I'd be happy to start with the plain error standard. I would start and end with it, but okay. And there are four prongs, four boxes a defendant must check to show plain error. And we would certainly agree that on the second prong, he can't get there. There is no clear or obvious error because there's no binding precedent in this case. Williams doesn't count. It was unpublished. The other thing I would say is that. It's also not the holding of Williams. It's dicta as to the merits, the discussion of the merits, because the holding is there's no plain error. That's the holding of Williams. We concur with that because in that. That's what it says. That's right, Your Honor. And in that case, the defendant failed to check box two. And so that was the determinative holding of Williams, that the plain error standard was not met. We would also agree with Judge Gibbons that the fact that these prior convictions were not, they weren't him convictions when you look at the facts. I think it is inappropriate to consider that. I've been sort of wrestling with that in my mind. For purposes of something, Your Honor, like the fourth prong of plain error, perhaps, does this affect the integrity or fairness of the judicial proceedings? No. You can fit a lot of things into that. Precisely. When we are talking just squarely about the categorical approach and on the merits, we would agree, I think, with Mr. Perry. I don't think there's a lot of distance between us on the point that you're kind of stuck with the categorical approach and the fact that the statute at the time did sweep in hemp convictions. It's not, in our view, divisible more than just saying marijuana. I read your brief with interest. And I mean, you talk about Garth. You talk about McNeil. But the bottom line is, we've used the categorical approach in a number of different contexts. And so has the Supreme Court. And it almost seems like a very strained ruling to pick out the McNeil context and to pick out some language from Garth and say, OK, we're not applying the categorical approach here. It just, I don't like the fact that necessarily, I'm not sure I'm a fan of the categorical approach, particularly when you see how it applies in a case like this, but we're pretty much stuck with it, aren't we? Yes, Your Honor. We would associate ourselves with that sentiment as well, in particular in a case like this. But we are advocating, we believe that the categorical approach does apply on the merits. And I will say, one path that is available to this court is to stop at the first box of plain error and say that there was no error. And I will briefly address the merits, because Garth held that Tennessee, and that was a Tennessee marijuana felony, the same exact felony that we have here, published opinion, end of that opinion, Tennessee possession with intent convictions are categorically controlled substance offenses. If this court were to rule on the merits with Mr. Perry, it would be in direct contravention of that prior published precedent. Of course, Garth followed on a lot of other cases pre-Havis that held the same. Also, even if this court believed that that language in Garth was not controlling, the text of the guidelines in the case law that does exist, in our view, supports our position. The text says we're looking at prior felony convictions. So it's a backward looking inquiry. That's what we do with the categorical approach. We're freezing this in time. And in our view, at the time, obviously hemp was a controlled substance. It was within the statutory language that existed. Also, the textual hook that Judge Cook pointed out in her concurring opinion, 4B1.2c says, that's the career offender definitional provision, when we're defining prior felony convictions, the last sentence of that provision says that the appropriate chronological reference point is the date on which the guilt was established. So if we're choosing between time of sentencing and time of conviction, that textual provision points us to the latter, to the time of conviction. In the case law that does exist, and we would agree that McNeil, Mullooly, the immigration cases are not precisely on point. McNeil was dealing with the ACCA, and it was dealing with the punishable by imprisonment by ten years or more clause. However, this might be a little different if Mr. Perry could point to binding Supreme Court or Sixth Circuit authority that suggests that his answer is the right approach, he can't, and he hasn't. He's pointed to the unpublished opinion in Williams and a couple of opinions from other circuits. But McNeil says, we freeze this in time. McNeil approved of this court's decision in Mallet, cited it approvingly, and said, even though Mallet was a controlled substance offense case, it said that that same rationale should apply to the controlled substance offense definition. We look backwards, we look at the time of the prior conviction, we figure out how many years this person was eligible to be sentenced for, and we figure out if it was a controlled substance. And of course, it was a controlled substance because that's why he was convicted. In our view, on the merits, of course, we agree that Williams, the holding is that there was no plain error, but also we believe on the merits, the majority was incorrect in Williams and that the reasons it proffered for distinguishing Mallet and McNeil were not convincing. And I do want to respond briefly, or I want to point out, I guess, briefly to our policy arguments in our brief that we have to draw the line somewhere. And I don't think Mr. Perry really offered any compelling reason or contrary argument in his reply brief about these arguments. That basically, if we were to adopt the time of sentencing approach, we're looking at a moving target approach. And it could change by the time, at the time he committed the federal offense, at the time he pled guilty to the federal offense. Between the time a defendant pled guilty and he went to the federal sentencing, the drug schedules could shift again. And essentially, if we adopt the time of sentencing rule that Mr. Perry advocates for, sentencing judges, the parties, on the morning of every sentencing hearing, would essentially be pulling up the drug schedules to compare, to see, well, have they shifted? Did they shift last week? Did they shift last month? And comparing to the prior conviction and what the drug schedule said at the time of that prior conviction. For those reasons, we do believe we're right on the merits if this court, and this court has that path available to it. But even if it wants to simply just confine itself to the plain error analysis, Mr. Perry cannot win because he cannot meet prong two. The government's position has not prevailed in the appellate decisions that have been issued by other circuits so far, right? On this particular hemp argument, yes. We have got, well, in the context of the controlled substance offense definition in 4B1.2 in the hemp- In this particular context. Correct. Involving this particular statutory change. Yes, there are cases, Medina, Rodriguez from the Ninth Circuit, Doe, Martinez, the Second and Third Circuit cases that deal with this shift in drug schedule question in the context of the immigration removal statutes. And we believe that they're applying McNeil and Mullooly, and that approach, and that approach makes sense. But to answer your question, you're right, Your Honor. Okay. For these reasons, this court should affirm. All right. Thank you. All right, Ms. Feathers. Thank you, Your Honor. All that I would briefly state in rebuttal, and I agree that, in reference to the Mallett case, again, looking at a statute, and unlike our situation here, where there still is a Tennessee statute that has schedules and is up and operating today. Mallett involved a look back, if you will, where the statute, that statute no longer existed. So I would say the court was somewhat constrained there, and acknowledged that the only place they could look was to the earlier statute. And I don't think that's where we are now, because our statute remains valid. It's just amended, if you will, or changed, as has the federal one. And I would offer again that there is not just a procedural, but there is a difference between, again, the look back that is done unavoidably in McNeil and in other cases where ACCA, armed career criminal, is the issue, the statutory language directs whether he was convicted of a serious drug offense, which is not the issue here, or a crime of violence. That that is a look back to a frozen spot in time. But the guidelines operate differently, I would offer, in that what the crime of conviction now is. For instance, a conspiracy to distribute drugs. Historically, was that a drug offense that would support application of career offender? Is it such now? And I would offer that the guidelines do look now and then, unlike ACCA. So I would offer that the ACCA cases, so far as they find that the look back must be directed to that frozen historical moment, are not controlling here. I think that the guidelines do function differently. And I would offer and would ask this court again to find for Mr. Perry that this error did exist and that it was plain under the total background of the case. We appreciate the arguments both of you have given, and we'll consider the case carefully.